## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLES B. STAHL & ARLENE G. STAHL,** | : | **CIVIL ACTION NO. 1:07-CV-1189** |
| Appellants | : | (Judge Conner) |
| v. | : | |
| **EMC MORTGAGE CORP.,** | : | |
| Appellee | : | |

### ORDER

AND NOW, this 15th day of October, 2007, upon consideration of the order of court dated September 12, 2007 (Doc. 5), directing *pro se* appellants to file a brief in support of their appeal on or before October 12, 2007 and advising them that their failure to do so could result in the imposition of sanctions, including dismissal of their appeal, and it appearing that appellants have not complied as of the date of this order, see FED. R. BANKR. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court . . . deems appropriate, *which may include dismissal of the appeal.*" (emphasis added)); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute);[1] see also In re Richardson Indus.

---

[1] The court notes that it is not necessary that all of the Poulis factors "weigh against the non-moving party in order to justify dismissal of a claim." Sunday v. United States, Civ. A. No. 89-8374, 1992 WL 221322, at *2 (E.D. Pa. 1992).

Contractors, Inc., 189 F. App'x 93, 96 (3d Cir. 2006) (extending consideration of Poulis factors to bankruptcy appeals), and the court finding that appellants were advised of the necessity of responding to the order of court dated September 12, 2007 and are personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as a factor), that appellants' conduct has prejudiced appellee by requiring appellee to assume the cost of continued legal preparation, see id. (identifying "[p]rejudice to the adversary" as a factor), that appellants' failure to respond to the initial briefing deadlines in the above-captioned action and to the order of court dated September 12, 2007 constitute a history of dilatoriness, see id. (identifying "history of dilatoriness" as a factor), that appellants' failure to respond when specifically ordered to do so constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as a factor), that alternative sanctions would be ineffective to deter appellants' conduct because the court is unable to move forward with the above-captioned action given the limited record before the court and the largely unintelligible nature of appellants' claims, see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as a factor), and

that appellants' claims are likely without merit,[2] see id. at 869-70 (identifying

"[m]eritoriousness of the claim" as a factor), it is hereby ORDERED that:

1. The above-captioned appeal is DISMISSED for failure to prosecute. See FED. R. BANKR. P. 8001(a)

2. The Clerk of Court is directed to CLOSE this case.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] Construction of appellants' claims is made more difficult by the sparse state of the record in the above-captioned action. However, appellants appear to contest the Bankruptcy Court's denial of their motion for reconsideration of an order granting appellee's motion for relief from the automatic stay. (See Doc. 1.) Motions for reconsideration are "an extraordinary remedy [that] should be granted sparingly." Hill v. Tammac Corp., No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006); see also FED. R. BANKR. P. 9023 (applying the motion for reconsideration standard of Federal Rules of Civil Procedure 59 and 60 to bankruptcy proceedings). Such motions are intended to correct manifest errors of law or to present newly discovered evidence. United States v. Fiorelli, 337 F.3d 282, 287-88 (3d Cir. 2003). They are not to be used as a device for rearguing matters previously litigated, raising new arguments, or presenting evidence that could have been proffered prior to the entry of judgment. Hill, 2006 WL 529044, at *2. In the instant case, appellants contend that the Bankruptcy Court erred by failing to consider "new evidence" of hardship. (See Doc. 1 at 1-2.) To prevail on such a claim, appellants would be required to prove that their "new evidence" of hardship: "(1) [is] material and not merely cumulative, (2) could not have been discovered before [the entry of judgment] through the exercise of reasonable diligence and (3) would probably have changed the outcome." Coregis Ins. Co. v. Baratta & Fenerty, Ltd., 264 F.3d 302, 309 (3d Cir. 2001). Given the extraordinary nature of motions for reconsideration and the significant evidentiary hurdle presented by the new evidence standard, the court finds it unlikely that appellants' claims are meritorious.